UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 22-7306-JWH (KS)                                             Date: February 7, 2023

Title   *Kerry Odell Davis v. The People of the State of California, et al.*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: N/A          Attorneys Present for Respondent: N/A

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On October 5, 2022, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 1-2.) The Court granted Plaintiff's IFP application on January 17, 2023. (Dkt. No. 11.) For the reasons stated below, Petitioner is ordered to show cause no later than Tuesday, February 28, 2023 why the Petition should not be dismissed on the grounds that it appears wholly unexhausted.

## BACKGROUND

Petitioner is in custody following a January 2020 conviction in the Los Angeles Superior Court on two counts of second degree robbery. (Petition at 2;[1] *see also People v. Davis*, No. B306557, 2021 WL 3284752, at *1 (Cal. Ct. App. Aug. 2, 2021), *review denied* (Oct. 20, 2021).) The jury found true allegations that Petitioner personally inflicted great bodily injury against two victims. *See Davis*, 2021 WL 3284752, at *2. The trial court found true allegations that Petitioner had three prior convictions for purposes of the Three Strikes Law. *Id.* On July 9, 2020, the trial court sentenced Petitioner to a term of 58 years to life in state prison. *Id.*; *see also People v. Davis*, https://www.lacourt.org/criminalcasesummary/ui/ (search for case no.: BA472810) ("Trial Court Docket") (last visited Feb. 7, 2023).

/ /
/ /

---

[1] For ease of reference, the Court cites to the page numbers assigned by the Court's electronic case filing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-7306-JWH (KS)                                           Date: February 7, 2023

Title   *Kerry Odell Davis v. The People of the State of California, et al.*

On direct appeal, Petitioner challenged the following: the trial court's *Pitchess*[2] ruling, an incorrect version of CALCRIM No. 226, and the denial of his *Romero*[3] motion.  *Davis*, 2021 WL 3284752, at *1.  The California Court of Appeal affirmed the judgment on August 2, 2021.  *Id.* at *5.  On September 9, 2021, Petitioner filed a Petition for Review in the California Supreme Court but he subsequently filed a Motion to Withdraw *Pro Per* Petition for Review on October 4, 2021.  *See People v. Davis*, https://appellatecases.courtinfo.ca.gov/ (search for case no.: S270815) ("Supreme Court Docket No. 1") (last visited Feb. 7, 2023).[4]  The California Supreme Court granted Petitioner's Motion to Withdraw on October 20, 2021 and simultaneously denied Petitioner's Petition for Review.  *See* Supreme Court Docket No. 1.

Petitioner indicates that he has not previously filed any habeas petitions in any state court with respect to the judgment of conviction he presently challenges.  (Petition at 3.)  However, the Court's review of Petitioner's publicly available records reveals the following.

Petitioner filed habeas petitions in the trial court on October 5, 2022 and October 25, 2022.  *See* Trial Court Docket.

On November 14, 2022, Petitioner filed a habeas petition in the California Court of Appeal, Second Appellate District, which was denied on November 30, 2022 because the trial court had not yet ruled on Petitioner's petition.  *See In re KERRY ODELL DAVIS on Habeas Corpus*, https://appellatecases.courtinfo.ca.gov/ (search for case no.: B324513) (last visited Feb. 7, 2023).  On December 15, 2022, Petitioner filed a second habeas petition in the California Court of Appeal, Second Appellate District.  *See In re KERRY ODELL DAVIS on Habeas Corpus*, https://appellatecases.courtinfo.ca.gov/ (search for case no.: B325064) (last visited Feb. 7, 2023).  The appellate court denied this second petition on December 27, 2022 reasoning that: (1) Petitioner's claims challenging the sufficiency of the evidence or the admission of evidence

---

[2]   *Pitchess v. Superior Ct.*, 11 Cal. 3d 531 (1974) ("*Pitchess*").

[3]   *People v. Superior Ct. (Romero)*, 13 Cal. 4th 497 (1996) ("*Romero*").

[4]   Federal courts may take judicial notice of relevant state court records in federal habeas proceedings.  *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Williams v. Jacquez*, No. CV 9-2703-DSF (DTB), 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records), *report and recommendation adopted*, 2010 WL 1329447 (C.D. Cal. Apr. 5, 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-7306-JWH (KS)                                             Date: February 7, 2023

Title   *Kerry Odell Davis v. The People of the State of California, et al.*

ordinarily were not proper for consideration on habeas corpus; (2) Petitioner sought relief based on issues raised and rejected on direct appeal; (3) Petitioner sought relief based on claims he could have raised on direct appeal but did not; (4) Petitioner failed to make a prima facie showing of prosecutorial misconduct; and (5) Petitioner failed to make a prima facie showing of ineffective assistance of counsel.  *Id.*

On January 12, 2023, Petitioner filed his first and only habeas petition in the California Supreme Court.  *See DAVIS (KERRY ODELL) ON H.C.*, https://appellatecases.courtinfo.ca.gov/ (search for case no.: S278090) ("Supreme Court Docket No. 2") (last visited Feb. 7, 2023).  No action has taken place in Supreme Court Docket No. 2.  *See id.*

In this Court, Petitioner appears to raise the following claims, none of which were raised on direct appeal: (1) the trial court abused its discretion by allowing detective David Vinton to testify; (2) a *Brady*[5] violation relating to detective Vinton; (3) the trial court abused its discretion by failing to provide "any clarification as to how to cure and/or proper instruction or any record as to the error in the CALCRIM 226 witnesses";[6] and (4) insufficient evidence as to both counts.  (*See* Petition at 5, 9-13; *see also id.* at 13 ("Petitioner Davis seeks to overturn his convicti[]on principally on the ground of Prosecutorial misconduct and abuse of the Trial Courts errors to wit withholding of critical discoverable evidence that would have shown that Detective David Vinton was presenting knowingly false testimony and making misrepresentations of uncharged crimes arguments.").)

**LEGAL STANDARD**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998); *see also* 28 U.S.C. § 2243 (if it "appears from

---

[5]   *Brady v. Maryland*, 373 U.S. 83 (1963).

[6]   On direct appeal, Petitioner contended that "the trial court committed prejudicial error by giving the jury a written and inaccurate version of CALCRIM No. 226."  *Davis*, 2021 WL 3284752, at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-7306-JWH (KS)                                              Date: February 7, 2023

Title      <u>Kerry Odell Davis v. The People of the State of California, et al.</u>

the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party).  However, a district court's use of this summary dismissal power is not without limits.  *Boyd*, 147 F.3d at 1128.  To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal.  *Id.*

Accordingly, **this Order is intended to give Petitioner notice that the Petition is subject to dismissal because the claims therein appear to be unexhausted**.  **To discharge this Order and avoid dismissal, Petitioner, no later than Tuesday, February 28, 2023, must file a signed First Amended Petition showing that the claims raised are exhausted.**

**THE PETITION IS UNEXHAUSTED**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  Thus, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

To satisfy AEDPA's exhaustion requirement, a state prisoner must "fairly present" his federal claims to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see also Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).  In California, a state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).

Here, it appears that Petitioner's current claims have not been addressed by the California Supreme Court.  Nor did Petitioner raise the claims in his direct appeal.  Consequently, the Petition is subject to dismissal as wholly unexhausted.  *Rose*, 455 U.S. at 510, 521.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-7306-JWH (KS)                                        Date: February 7, 2023

Title   _Kerry Odell Davis v. The People of the State of California, et al._

**CONCLUSION**

**Petitioner is ORDERED TO SHOW CAUSE on or before Tuesday, February 28, 2023 why the Petition should not be dismissed**—that is, Petitioner must file, no later than **February 28, 2023**, a signed First Amended Petition for Writ of Habeas Corpus establishing that all of his claims are fully exhausted because Petitioner presented them to the California Supreme Court and the California Supreme Court has addressed them.

Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.

**Alternatively**, if Petitioner no longer wishes to pursue this action, **he may voluntarily dismiss it by filing a signed document entitled "Notice of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1)**.

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition and a copy of the Central District's form Notice of Voluntary Dismissal.

**IT IS SO ORDERED.**

:
**Initials of Preparer**   gr